Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 200610-92103
DATE: August 31, 2021

ORDER

New and relevant evidence has been received to reopen a claim for service connection for bilateral hearing loss, and to that extent, the appeal is granted.

New and relevant evidence has been received to reopen a claim for service connection for tinnitus, and to that extent, the appeal is granted.

REMANDED

Entitlement to service connection for bilateral hearing loss is remanded.

Entitlement to service connection for tinnitus is remanded.

FINDINGS OF FACT

1. Service connection for left ear hearing loss was denied in an August 1978 Agency of Original Jurisdiction (AOJ) rating decision and the Veteran did not perfect an appeal or submit new and material evidence within one year.

2. Service connection for bilateral hearing loss and tinnitus was denied in a September 2008 AOJ rating decision and the Veteran did not perfect an appeal or submit new and material evidence within one year.

3. New and relevant evidence has been received since the September 2008 rating decision that is relevant to the claims of entitlement to service connection for bilateral hearing loss and tinnitus.

CONCLUSIONS OF LAW

1. New and relevant evidence has been received to reopen a claim of entitlement to service connection for bilateral hearing loss. 38 U.S.C. § 5108; 38 C.F.R. § 3.156.

2. New and relevant evidence has been received to reopen a claim of entitlement to service connection for tinnitus. 38 U.S.C. § 5108; 38 C.F.R. § 3.156.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

In August 2019, the Agency of Original Jurisdiction (AOJ) issued a supplemental claim decision, which found that new and relevant evidence had not been received. In January 2020, the Veteran submitted a VA Form 20-0996, Decision Review Request: Higher-Level Review, and requested review of the August 2019 supplemental claim rating decision. In June 2020, the AOJ issued the Higher-Level Review decision on appeal, which also found that new and relevant evidence had not been received. 

In the June 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Hearing docket. Therefore, the Board may only consider the evidence of record at the time of the supplemental claim decision on appeal, and any evidence submitted by the Veteran or representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

New and Relevant Evidence

When new and relevant evidence is presented or secured with respect to a supplemental claim, VA shall readjudicate the claim taking into consideration all of the evidence of record. 38 U.S.C. § 5108. New evidence means existing evidence not previously submitted to agency decisionmakers. Relevant evidence means evidence that tends to prove or disprove a matter in issue. 38 U.S.C. §§ 101 (35).

In August 2019, the AOJ issued the rating decision on appeal, which found that new and relevant evidence had not been received. Therefore, the Board must determine whether new and relevant evidence has been received.

1. Whether new and relevant evidence has been received to reopen a claim of entitlement to service connection for bilateral hearing loss

2. Whether new and relevant evidence has been received has been received to reopen a claim of entitlement to service connection for tinnitus

Service connection for left ear hearing loss was originally denied in a September 1978 rating decision. The Agency of Original Jurisdiction (AOJ) noted that service medical records showed the left ear hearing loss existed prior to service, and the separation examination showed some improvement in hearing. The AOJ concluded that service connection for left ear hearing loss was not warranted because the evidence did not show the disability was aggravated during service.

The denial was confirmed in a September 2008 rating decision that found the additional VA treatment records did not show any aggravation or worsening of the preexisting left ear hearing due to service. 

Service connection for right ear hearing loss and tinnitus were also denied in the September 2008 rating decision. The AOJ found that service connection right ear hearing loss was not warranted on a presumptive basis because the disability did not manifest to a compensable degree within one year of separation from service, and VA treatment records did not show a connection between any current disability and service. For tinnitus, the evidence did not show a current diagnosis or a connection between any current disability and service.

Evidence associated with the claims file since the September 2008 AOJ decision includes additional lay statements from the Veteran, VA treatment records, an August 2019 VA examination, and March 2021 Board hearing testimony. The August 2019 VA examination showed current diagnoses of bilateral hearing loss and tinnitus. At the March 2021 hearing, the Veteran testified that during service he experienced decreased hearing due to noise exposure, and did not wear hearing protection. Further, the hearing loss progressed to a point that he started to notice in 1977. In addition, his tinnitus began during service and he made complaints during examinations. 

The Board finds the new and relevant evidence has been receiving after the most recent final rating decision that is relevant to the claim. Those records were not already of record and may prove or disprove the nexus element of the claims for service connection for bilateral hearing loss and tinnitus. Therefore, as new and relevant evidence is of record, readjudication of the claims is warranted.

REASONS FOR REMAND

1. Entitlement to service connection for bilateral hearing loss is remanded.

2. Entitlement to service connection for tinnitus is remanded.

The Veteran's service personnel records show that he worked as an inventory management specialist. The medical records show several visits for hearing loss complaints, including requests for a hearing aid. 

The Veteran most recently underwent a VA examination in August 2019. The examiner diagnosed bilateral hearing loss and tinnitus, and provided a negative etiology opinion. The examiner stated there were no reports of complaints or treatment for right ear hearing loss, and the left ear evidence was inconsistent with noise-induced hearing loss. In addition, the examiner found there were no complaints of tinnitus in service. While the examiner reviewed available medical records, the examiner reported that the service medical records were incomplete. Specifically, due to incomplete or missing entrance and/or separation audiograms, the examiner was unable to verify a threshold shift in the Veteran's medical records that was greater than normal measurement variability at any frequency between 500 and 6000 Hertz for both ears. The evidence reviewed included the enlistment, post-deployment, and reference audiograms. The Board finds an additional opinion is needed prior to adjudication after review of the Veteran's complete service records. The incomplete record provided to the August 2019 VA examiner is a pre-decisional error.

On remand, the examiner should be provided with the Veteran's complete service records. A remand is required to allow VA to obtain those records and ensure they are provided to the VA examiner. 

The matters are REMANDED for the following action:

1. Obtain the Veteran's complete service personnel and service medical records.

2. Schedule the Veteran for a VA examination addressing the nature and etiology of bilateral hearing loss and tinnitus, with an examiner who has not previously examined the Veteran in conjunction with this claim. The examiner must review the claims file and should note that review in the report. A clearly stated rationale for any opinion offered should be provided and must not be based solely on the lack of any record of hearing loss or tinnitus during service. The examiner must consider the Veteran's lay statements regarding symptoms of hearing loss and tinnitus during and since service. The examiner is asked to provide an opinion and rationale for the following:

(a.) For any right ear hearing loss, the examiner should provide an opinion was to whether it is at least as likely as not (50 percent or greater probability) that the right ear hearing loss is etiologically related to service or any injury, disease, or event in service. The examiner must also consider and discuss the Veteran's reports of noise exposure and decreased hearing during service.

(b.) Opine whether left ear hearing loss clearly and unmistakably (it is medically undebatable) preexist the Veteran's entrance to active service. The examiner should state what evidence in the record supports that opinion.

(c.) If the left ear hearing loss found to have clearly and unmistakably preexisted service, the examiner should provide an opinion as to whether it is clear and unmistakable that the preexisting the left ear hearing loss was not aggravated during service, including consideration of noise exposure during service.

(d.) If left ear hearing loss that is found to not clearly and unmistakably have preexisted service, the examiner should opine whether it is at least as likely as not (50 percent or greater probability) that left ear hearing loss is etiologically related to service or any injury, disease, or event in service. The examiner must also consider and discuss the Veteran's reports of noise exposure and decreased hearing during and since service.

(e.) The examiner should opine whether it is at least as likely as not (50 percent or greater probability) that tinnitus is etiologically related to service or any injury, disease, or event in service. The examiner must also consider and discuss the Veteran's reports of noise exposure and tinnitus during and since service.

 

 

Harvey P. Roberts

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board C. Kass, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.